FILED

2013 Aug-12  PM 04:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALPHONSO BRONTAY BENFORD,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:13-CV-01092-RDP** |
| | } | |
| **BRIAN CT JONES,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Defendant's Motion to Dismiss (Doc. # 7), filed July 30, 2013.  The sole defendant in this action is Brian C.T. Jones, the current District Attorney for Limestone County, Alabama, in his official capacity.  (Doc. # 1).

Plaintiff's Complaint stems from a forfeiture action initiated against Plaintiff's property by the State of Alabama in 2008, prior to the time Jones became the DA.  On August 17, 2010, the Limestone County Circuit court entered judgment in the forfeiture action against Plaintiff and his property forfeiting all property named in the complaint except one car.  On September 20, 2010, Plaintiff appealed the forfeiture of his property to the Alabama Supreme Court.  On or about June 10, 2011, the Alabama Supreme Court entered final judgment against Plaintiff and his property, affirming the trial court's order of forfeiture. (Doc. # 1 at 4).   Jones was not sworn is as DA until January 18, 2011, when Plaintiffs' appeal of the forfeiture action was already pending before the Alabama Supreme Court.  (Doc. # 7-1).

Defendant's Motion to Dismiss presents two arguments.  First, Plaintiff's claims are barred by the doctrine of absolute immunity.  Second, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  (Doc. # 7).

On July 30, 2013, the court issued a text order (Doc. # 8) reminding the parties to brief the Motion to Dismiss in accordance with Exhibit B of the Initial Order (Doc. # 9 at 17).  Exhibit B provides that the "opponent's responsive brief shall be filed no later than seven (7) calendar days" after the Motion was filed.  Therefore, Plaintiff's opposition should have been filed on, or Plaintiff should have sought an extension of time before, July 7, 2013.  However, Plaintiff failed to submit a response in opposition to the Motion to Dismiss or request that the deadline be extended.

The Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *see* Fed. R. Civ. P. 41(b-c).  Additionally, a district court has "inherent [] authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F. 2d at 1353.  A dismissal with prejudice is considered "an extreme sanction . . . imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Betty K Agencies, Ltd. v. M/V MONDA*, 432 F. 3d 1333, 1337-1338 (11th Cir. 2005) (citations omitted).

The court construes Plaintiff's failure to respond to the Motion to Dismiss as a failure to prosecute his claims against Defendant, and finds that the Motion to Dismiss is due to be granted and Defendant is entitled, at a minimum, to have Plaintiff's claims dismissed without prejudice for this reason alone.  The court need not further analyze whether the circumstances are present which warrant a dismissal with prejudice as a sanction.  This is because Defendant is also entitled to have his motion granted on substantive grounds. First, a prosecutor is entitled to absolute immunity for all acts he takes while performing his function as an advocate for the government, including pursuit

2

of criminal prosecution, examining witnesses, and presentation of evidence.  *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004).  The allegations of Plaintiff's Complaint all center around actions taken by the DA prior to Jones – that is, before Jones was even in office[1] -- in connection with the forfeiture action on behalf of the state.  Second, "the *Rooker–Feldman* doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions."  *Green v. Jefferson County Com'n*, 563 F.3d 1243, 1249 (11th Cir. 2009).  Because Plaintiff has already appealed these issues through the highest Alabama state court, the Alabama Supreme Court, that is clearly what Plaintiff invites this court to do.  Accordingly, under the circumstances of this case, Defendant's Motion to Dismiss (Doc. # 7) is due to be granted and Plaintiff's claims dismissed with prejudice.

A separate order will be entered.

**DONE** and **ORDERED** this _____12th_____ day of August, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Of course, this also presents another fatal problem for Plaintiff insofar as he asserts claims against Jones.  Jones was not even the DA at the time of the factual events referenced in the Complaint.